UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY RUCANO,

                        Plaintiff,                9:18-CV-0218
                                                              (GTS/CFH)
     v.

D. VENETTOZZI; et al.,

                        Defendants.

---

APPEARANCES:                                             OF COUNSEL:

ANTHONY RUCANO
11-A-0528
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. LETITIA JAMES                           OMAR J. SIDDIQI, ESQ.
New York State Attorney General            Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

This civil rights action was brought pro se by plaintiff Anthony Rucano seeking redress for, inter alia, retaliatory conduct taken against him by the defendants and the alleged violation of his due process rights. *See generally* Dkt. No. 25 ("Am. Compl."). Following its review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Court issued a Decision and Order on October 25, 2018, determining that only the

following causes of action survived initial review: (1) First Amendment retaliation and conspiracy claims asserted against defendants Bishop, Durkin, King, Kirkpatrick, Kowalowski, and Rodriguez; and (2) First Amendment retaliation, Fourteenth Amendment due process, and conspiracy claims asserted against defendants Bishop, Breyette, Devlin, Kirkpatrick, Rodriguez, Tucker, Uhler, and Venettozzi. Dkt. No. 35 ("October Order") at 18.[1]

Defendants have answered the complaint. Dkt. No. 52.

Currently before the Court is plaintiff's motion seeking preliminary injunctive relief. Dkt. No. 58.[2]

## II. DISCUSSION

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y.S. Dep't of Fin. Servs.*, 769 F.3d 105, 119 (2d Cir. 2014) (quoting *Lynch v. N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009)). When the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is heightened. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of

---

[1] Plaintiff's remaining claims were dismissed without prejudice for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). October Order at 18. Plaintiff's motion seeking reconsideration of the October Order was denied. Dkt. No. 48.

[2] Also pending before the Court is plaintiff's motion to compel discovery. Dkt. No. 64. That motion has been assigned to Magistrate Judge Christian F. Hummel and will be addressed separately in due course.

2

preliminary relief." *Cacchillo*, 638 F.3d at 406 (internal quotation marks omitted).

"'[T]he single most important prerequisite for the issuance of a preliminary injunction'" is a showing that the moving party will suffer irreparable harm. *Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, 437 F. App'x 57, 58 (2d Cir. 2011) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Speculative injury is not the province of injunctive relief. *City of L.A. v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that, "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.[3]

In his motion, plaintiff requests that this Court enjoin defendants from transferring him "outside the Downstate Regional Hub, and especially not to Clinton or Great Meadow Correctional Facility, and from otherwise retaliating against [him] any further for exercising [his] constitutional rights to utilize the courts[.]" Dkt. No. 58-1 at 1. Plaintiff alleges that he has been subjected to retaliatory action by defendants since the commencement of this lawsuit, but he does not provide details of the retaliation. *See generally id.* Instead, plaintiff elaborates on prior alleged retaliatory conduct and urges the Court to consider that past conduct as defendants' propensity to retaliate against him in the future. Dkt. No. 58 at 7; Dkt. No. 58-1 at 4, 6. Plaintiff further explains that, in connection with his lawsuit pending in the New York State Court of Claims, he is subject to transfer to Clinton Correctional Facility

---

[3] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm . . ., and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, "the Court shall give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A).

("Clinton C.F.") for trial on or about April 10, 2019. Dkt. No. 58-1 at 6; *see also* Dkt. No. 61-2 at 1. Plaintiff alleges that he will be in grave danger if he returns to Clinton C.F., the prison in which many of his causes of action in this pending litigation arose. Dkt. No. 58-1 at 4, 6; Dkt. No. 67 at 1-2.

Defendants oppose plaintiff's motion and urge its denial on the ground that plaintiff has not established any of the required predicates for a preliminary injunction. *See generally* Dkt. No. 61. In particular, defendants contend that plaintiff's allegations of anxiety related to his return to Clinton C.F. does not rise to the level of irreparable harm, and that the transfer of plaintiff to Clinton C.F. for purposes of the Court of Claims lawsuit has no relationship to this action or the defendants implicated in this action. *Id.* at 3-5.

The Court has reviewed plaintiff's motion thoroughly and with due regard for his status as a pro se litigant. For three reasons the motion is denied. First, plaintiff's allegations of potential harm if he is transferred outside of the "Downstate Regional Hub" are speculative at best. Dkt. No. 58-1 at 1. The only specific danger to which plaintiff alludes in support of his motion describes the conditions of his past confinement in Clinton C.F. Dkt. No. 58 at 1; Dkt. No. 58-1 at 6; Dkt. No. 67 at 1-2. Even assuming the allegations of past harm at Clinton C.F. are true, however, such allegations do not support a conclusion that plaintiff will be at risk of the same conditions of confinement if he returns. Indeed, as plaintiff emphasizes, "[t]he horrors that [he experienced] in Clinton [C.F.]" occurred almost four years ago, immediately after two inmates had escaped from the prison facility. Dkt. No. 67 at 1. Suggesting that plaintiff will inevitably experience the same conditions of confinement if he is transferred to Clinton C.F. at any time in the future is purely speculative. In addition, plaintiff does not articulate any specific harm he might suffer if he is transferred to any other facility (aside from

4

Clinton C.F.). Accordingly, plaintiff's motion does not satisfy the first prong of the preliminary injunction analysis.

Second, plaintiff's motion also does not support a conclusion that he is likely to succeed on the merits of his underlying claims in this action. Indeed, plaintiff does not attribute the misconduct complained of in the motion to the named defendants in this lawsuit. Although he alleges that he has been subjected to past retaliatory conduct by the named defendants, he does not allege that defendants are responsible for the harm that he may (speculatively) suffer if he is transferred to a different correctional facility. In addition, plaintiff acknowledges that the judge in the Court of Claims action has ordered that the trial occur at that facility, and that none of the named defendants in this action are responsible for the impending transfer to Clinton C.F. Dkt. No. 67 at 2. "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citing cases) (internal quotation marks omitted). Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . is binding only upon the parties to the action . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Tolbert v. Koenigsmann*, No. 13-CV-1577, 2015 WL 7871344, at *2 (N.D.N.Y. Dec. 4, 2015). Moreover, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)). Even assuming defendants have the discretion to transfer plaintiff to Clinton C.F. (which, even according to

5

plaintiff, they do not), plaintiff's request that the Court enjoin defendants from transferring him outside of a particular geographical region is tantamount to a request that the Court dictate where plaintiff is housed, which is beyond the authority of this Court.

Finally, plaintiff's more general request that the Court enjoin defendants "from . . . retaliating against [him]" amounts to no more than an obey-the-law injunction that is not favored. *See, e.g., S.C. Johnson & Son, Inc. V. Clorox Co.*, 241 F.3d 232, 240 (2d Cir 2001).

Based upon the foregoing, the Court concludes that plaintiff's motion affords no basis for the issuance of preliminary injunctive relief and therefore the motion is denied.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking preliminary injunctive relief (Dkt. No. 58) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  March 22, 2019
        Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge