**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY RUCANO,

                Plaintiff,            9:18-CV-0218
                                                          (GTS/CFH)
     v.

D. VENETTOZZI, et al.,

                Defendants.

---

**APPEARANCES:**                         **OF COUNSEL:**

ANTHONY RUCANO
11-A-0528
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. LETITIA A. JAMES            CHRISTOPHER LIBERATI-CONANT, ESQ.
New York State Attorney General    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

## DECISION AND ORDER

### I. INTRODUCTION

     Pro se plaintiff Anthony Rucano commenced this civil rights action in February 2018 pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1. In a Decision and Order issued on May 24, 2018, the Court granted plaintiff's application for in forma pauperis status and determined, pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"), that only certain causes of action asserted against some of the named defendants

survived initial review. Dkt. No. 10. Plaintiff thereafter filed a first amended complaint as of right pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Dkt. No. 25. Pursuant to Sections 1915 and 1915A, the Court reviewed the sufficiency of plaintiff's first amended complaint and issued a Decision and Order on October 25, 2018, accepting the amended pleading only with respect to those claims the Court accepted in connection with the original complaint. *See* Dkt. No. 35 at 18. Plaintiff then filed a motion for leave to file a second amended complaint on or about June 19, 2019. Dkt. No. 87. The Court denied that motion in a Decision and Order issued on September 27, 2019. Dkt. No. 106 ("Sept. Order").

Currently pending before the court is plaintiff's motion for reconsideration of the September Order. Dkt. No. 109 ("Recon. Mtn."). For the reasons set forth below, plaintiff's motion is denied.

## II. DISCUSSION

### A. Legal Standard

Plaintiff's motion implicates Rule 7.1(g) of the Local Rules of Practice for this Court, which provides, in pertinent part, as follows:

> **Motion for Reconsideration.** Unless Fed. R. Civ. P. 60 otherwise governs, a party may serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2) . . . . The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

2

N.D.N.Y. L.R. 7.1(g) (emphasis in original).[1]  In this District, reconsideration of an order entered by the Court is appropriate upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R.1, 3 (N.D.N.Y. 1995); *see also Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 244 (N.D.N.Y. 2002); *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.).

The benchmark for seeking reconsideration of a court's order has been described as demanding. *In re C-TC 9th Ave. P'ship*, 182 B.R. at 2.  A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device "intended to give an unhappy litigant one additional chance to sway the judge." *Brown v. City of Oneonta, N.Y.*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (quotation marks omitted).  To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995).

---

[1] Parenthetically, Rule 60 of the Federal Rules of Civil Procedure does not apply in this case because the September Order, which denied plaintiff's request for leave to file a second amended complaint, is not a final one.  *See Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 388 (2d Cir. 1996) ("It is well-settled that an order denying leave to amend a complaint is not a final decision." (internal quotation marks and alteration omitted); *Makas v. N.Y.S. Dep't of Motor Vehicles*, No. 97-CV-1892, 1998 WL 219588, at *1 n.1 (N.D.N.Y. Apr. 29, 1998) ("This motion for reconsideration is not made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because [that rule] only applies to final judgments and orders.").  Instead, reconsideration is properly sought under Rule 7.1(g) of the Local Rules of Practice for this Court.  *Douglas v. N.Y.S. Adirondack Park Agency*, No. 10-CV-0299, 2012 WL 5364344, at *4 (N.D.N.Y. Oct. 30, 2012).

**B. Analysis**

Plaintiff's motion for reconsideration of the September Order is based on plaintiff's contention that the Court failed to consider his argument, set forth in his motion for leave to file a second amended complaint, that two individuals identified in the proposed pleading[2] are directly liable for certain alleged constitutional violations pursuant to the Second Circuit's decision issued in *Turkmen v. Hasty*, 789 F.3d 218 (2d Cir. 2015), *reversed in part by Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). Recon. Mtn. at 3-7. Plaintiff's argument in this regard was fully set forth in his motion for leave to file a second amended complaint. *See* Dkt. No. 87-1. For this reason alone, plaintiff's motion for reconsideration is subject to denial. *See Am. Bio Medica Corp. v. Bailey*, 341 F. Supp. 3d 142, 148 (N.D.N.Y. 2018) ("[A] motion [for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted)).

Nevertheless, with due regard to plaintiff's pro se status, the Court now reiterates that it considered whether the proposed second amended complaint pleaded sufficient facts for purposes of personal involvement with respect to Annucci and Maher and concluded that it did not. Plaintiff is correct that individuals who hold supervisory roles, like Annucci and Maher, may be found "personally involved" in constitutional violations when they are "directly involved." *See* Recon. Mtn. at 4 (arguing that the Court overlooked allegations in the proposed second amended complaint that reflected the "'direct' (as opposed to vicarious)

---

[2] The two individuals are specifically identified in the proposed second amended complaint as New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Anthony Annucci and New York State Chief of the Office of Special Investigation ("OSI") Stephen Maher.

4

personal liability" of Annucci and Maher); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation[.]")). The proposed second amended complaint, however, does not purport to allege that defendants Annucci and Maher were directly involved in either defendant Venettozzi's alleged due process violation or defendant Bishop's alleged retaliatory conduct. Instead, plaintiff's due process and retaliation claims asserted against Annucci and Maher are based on allegations that those two individuals, in their capacities as DOCCS Commissioner and OSI Chief, were on notice of the underlying alleged (direct) constitutional violations by defendants Venettozzi and Bishop. Such allegations do not give rise to "direct" involvement as described in the first prong set forth in *Colon*. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (describing the first prong as "directly participat[ing] in the infraction" (internal quotation marks omitted)). Rather, plaintiff's allegations in the second amended complaint align with the holding that supervisors may be liable for constitutional violations where they learn of ongoing violations by subordinates but take no action to remedy them. *Colon*, 58 F.3d at 873; *Wright*, 21 F.3d at 501. The failure to act in that scenario constitutes a separate and distinct constitutional violation from the one originally committed by the subordinate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a [42 U.S.C.] § 1983 suit . . . – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Where, however, as in this case, there is no underlying ongoing violation by a subordinate, a supervisor cannot be liable for a failing to remedy a non-existent violation. *See, e.g., Moore v. Kwan*, No. 12-CV-4120, 2016 WL 9022575, at *16 (S.D.N.Y.

5

Mar. 30, 2016).[3]

Because plaintiff's motion fails to set forth a basis for reconsidering the Court's September Order, it is denied.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's motion for reconsideration (Dkt. No. 109) is **DENIED**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: November 26, 2019
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3] Unpublished decisions cited within this Decision & Order have been provided to plaintiff.